UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
METROPOLITAN LIFE INSURANCE :
COMPANY, :
 :
                      Plaintiff, :
 : **MEMORANDUM AND ORDER**
             -against- : 16-CV-3814 (DLI)(SJB)
 :
ROBERTA CAREY, CATHERINE MOODY, :
and BARBARA GRIFFIN, :
 :
                      Defendants. :
---------------------------------------------------------- X

**DORA L. IRIZARRY, Chief U.S. District Judge:**

On July 8, 2016, Metropolitan Life Insurance Company ("MetLife") filed an interpleader complaint pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1131, and Rule 22 of the Federal Rules of Civil Procedure. *See generally* Complaint ("Compl."), Dkt. Entry No. 1. Defendants Catherine Moody ("Moody"), Roberta Carey ("Carey"), and Barbara Griffin ("Griffin") (collectively, "Defendants") waived service of the Complaint. Mem. in Supp. of MetLife's Mot. for Interpleader Relief ("Pl.'s Mem."), Dkt. Entry No. 11-1 at 2; Dkt. Entry Nos. 5-7. On September 1, 2016, MetLife moved by letter motion to deposit $11,500 plus any applicable interest with the Court, which is the amount owed under the life insurance plan at issue here. *See* Pl.'s Ltr. Mot., Dkt. Entry No. 9. On September 2, 2016, the Honorable Lois Bloom, U.S.M.J., granted MetLife's letter motion. *See* Order, Dkt. Entry No. 10. On September 29, 2016, MetLife deposited the money into the Register of the Court. Pl.'s Mem. at 2.

On October 7, 2016, MetLife made the instant motion requesting that the Court: (1) grant MetLife interpleader relief and dismiss MetLife, AT&T, and the Plan from this action with prejudice; (2) restrain and enjoin the Defendants from instituting any action or proceeding against

1

MetLife, AT&T, or the Plan for recovery of the Plan Benefit; and (3) require the Defendants to litigate their claim for the Plan Benefits amongst themselves. *See generally* Pl.'s Mem.; Compl. at ¶ 30. Defendants neither answered the Complaint nor opposed MetLife's motion for interpleader relief. For the reasons set forth below, the Court grants MetLife's motion for interpleader relief, dismisses it from this action with prejudice, and denies MetLife's request for an injunction.

## BACKGROUND

Sara A. Winbon ("Decedent") was an AT&T employee who participated in a basic life insurance coverage plan under the AT&T Group Life Insurance Program for Former Bargained Employees (the "Plan"). Compl. at ¶ 7. As a claims fiduciary, MetLife is required to administer claims under the Plan in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA") and the Plan's governing documents. *Id.* at ¶ 8. In October 1995, AT&T received a signed beneficiary designations form that designated Carey, Decedent's god-sister, as the primary beneficiary, and Moody, Decedent's friend, as the contingent beneficiary of the life insurance benefits due upon Decedent's death. *Id.* at ¶ 13.

The Decedent passed away on March 24, 2015. *Id.* at ¶ 14. On October 2, 2015, Griffin advised AT&T's record keeper, Fidelity Service Center, that she was the legal representative of the Decedent's estate. *Id.* at ¶ 16. Griffin's letter also indicated that she was filing a counterclaim to Decedent's beneficiary designation because Carey had taken illegal actions to steal Decedent's estate. *Id.* On November 9, 2015, Griffin submitted a Claimant's Affidavit to MetLife asserting she was the rightful Plan beneficiary, but, on December 16, 2015, MetLife denied Griffin's claim on the basis that neither she nor the estate were Decedent's beneficiaries. *Id.* at ¶¶ 18-19. MetLife also informed Carey and Moody on December 16, 2015 that their claims were adverse to one

2

another and that MetLife could not resolve the issue without exposing itself and the Plan to the "danger of double liability." *Id.* at ¶ 20. Following MetLife's denial, on January 14, 2016, Carey sent a letter to MetLife indicating that she was Decedent's beneficiary and seeking disbursement of the Plan Benefits. *Id.* at ¶ 21. Griffin appealed MetLife's denial of her claim, and on March 9, 2016 MetLife affirmed its denial. *Id.* at ¶¶ 22-23.

MetLife contends that as a "mere stakeholder," it has no claim to the Plan Benefits, other than the payment of reasonable costs and attorneys' fees, and does not dispute that the money is owed under the Plan. *Id.* at ¶¶ 28-29. MetLife requests that the Court dismiss MetLife, AT&T, and the Plan with prejudice and discharge them from further liability.[1] *Id.* at ¶ 30. MetLife further requests that the Court "restrain and enjoin the Defendants . . . from instituting any action or proceeding . . . against MetLife, AT&T, or the Plan for recovery of the Plan Benefits." *Id.*

## DISCUSSION

### I.  Subject Matter Jurisdiction

Though none of the Defendants challenge the Court's jurisdiction over this interpleader action, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 541 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Thus, this Court is tasked, as an initial matter, with determining whether it is an appropriate forum for MetLife's claims. *Id.* Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Claims brought under ERISA constitute a federal question and establish subject matter jurisdiction. *See Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 439-40 (2d Cir. 2002) (establishing the Court's jurisdiction

---

[1]  Neither AT&T nor the Plan are named as plaintiffs in this action.

3

over a fiduciary's ERISA interpleader claim pursuant to 28 U.S.C. § 1331.). In addition, 29 U.S.C. § 1132, grants "exclusive jurisdiction" to district courts over actions brought by fiduciaries under ERISA to "obtain . . . appropriate equitable relief . . . without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. §§ 1132(a)(3), (e), (f).

Since MetLife brings this interpleader action as a fiduciary under ERISA, this Court has jurisdiction pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331. *See Bigelow*, 283 F.3d at 439-40 (holding that, in an interpleader action "federal subject matter jurisdiction exists under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331"); *Metro. Life. Ins. Co. v. Little*, 2013 WL 4495684, at *1 (E.D.N.Y. Aug. 17, 2013) ("Jurisdiction is therefore proper under [29 U.S.C § 1132] and 28 U.S.C. § 1331."); Compl. at ¶ 5 (invoking 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331).

## II.  Interpleader Relief

Interpleader relief is appropriate where a stakeholder faces multiple claims against the same fund. *Hartford Life Ins. Co. v. Simonee*, 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015). "An interpleader action may be brought pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335 ["statutory interpleader"], and Rule 22 of the Federal Rules of Civil Procedure ["rule interpleader"]. *Id.* (citation omitted). Thus, while 29 U.S.C. § 1132 creates the right for ERISA plan participants, beneficiaries, and fiduciaries to obtain equitable relief, 28 U.S.C. § 1335 and Rule 22 establish the requirements for interpleader relief.[2]

Courts assessing the merits of statutory and rule interpleader actions conduct a two-step analysis: "[i]n the first step, a court must determine whether the interpleader action is appropriate," and, if the action is appropriate, the interpleader plaintiff is discharged from liability. *See Simonee*, 2015 WL 8490998, at *2 (citation and internal quotation marks omitted). At the second step, "the

---

[2]  28 U.S.C. § 2361, discussed below, provides the "process and procedure" for granting an injunction.

4

[c]ourt adjudicates the claims among the remaining adverse parties." *Id.* (citation and internal quotation marks omitted). Only the first step is presently before the Court.

For a plaintiff to bring a statutory interpleader claim pursuant to 29 U.S.C. § 1132, the amount at issue must be $500 or more and there must be "[t]wo or more adverse claimants" that are "of diverse citizenship." 28 U.S.C. § 1335(a)(1). However, a plaintiff invoking rule interpleader, which permits "[p]ersons with claims that may expose a plaintiff to double or multiple liability [to] be joined as defendants and required to interplead" must "plead and prove an independent basis for subject-matter jurisdiction" because Rule 22 is merely a "procedural device." Fed. R. Civ. P. 22; *Metro. Life. Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007); *See also Simonee*, 2015 WL8490998, at *2.

Here, the requirements of 28 U.S.C. § 1335 are not met because the parties are not diverse. MetLife is a corporation with its principal place of business in New York, and Defendants are all residents of New York. Compl. at ¶¶ 1-4.[3] However, as discussed in Section I, *supra*, MetLife has raised a federal question under ERISA, which satisfies the jurisdictional requirement. *Simonee*, 2015 WL8490998, at *2 ("'[A]n interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction,' either federal question or diversity jurisdiction.") (citation omitted).

Once the jurisdictional element is satisfied, the court must then determine under Rule 22 whether the "plaintiff 'may [be] expose[d] . . . to double or multiple liability . . . [.]'" *Little*, 2013 WL 4495684, at *2. Courts find that a plaintiff may be exposed to multiple liabilities if the stakeholder "legitimately fear[s] multiple [liability] directed against a single fund, regardless of

---

[3] Some courts have found that 28 U.S.C. § 1332 only requires "minimal" rather than complete diversity. *See Allstate Indem. Co. v. Collura*, 2017 WL 1076328, at *4 (citing *Hartford Life Ins. Co. v. Simonee*, 2016 WL 6956726, at *3 (E.D.N.Y. Nov. 9, 2016)). However, since all parties to this litigation are residents of New York or have their principal place of business in New York, not even "minimal" diversity exists.

5

the competing claims." *Id.* (citation and internal quotation marks omitted). "The court 'need not analyze the merits of the claims because the stakeholder should not be obliged at its peril to determine which of the two claimants has the better claim.'" *Hartford*, 2015 WL 8490998, at *3 (quoting *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp.2d 97, 102 (E.D.N.Y. 2013)).

Here, MetLife argues that it faces multiple liabilities from the beneficiaries (Carey and Moody) and the estate (which is represented by Griffin), and the Defendants are adverse in that they claim the same sum of money. *See* Pl.'s Mem. at 9. Such an allegation is sufficient to demonstrate that MetLife is entitled to interpleader relief. *See Little*, 213 WL4495684, at *2 (interpleader relief appropriate where one party asserted a claim to funds otherwise payable to a different party). Accordingly, the Court finds that interpleader relief is appropriate and MetLife is dismissed from this case with prejudice.

### III. Injunctive Relief is Not Warranted

MetLife also seeks to permanently enjoin the Defendants from instituting any action against it, AT&T, and the Plan with respect to the Plan Benefits deposited with the Court. Compl. at ¶ 30. In its application for an injunction, MetLife invokes 28 U.S.C. § 2361, which provides that "[i]n any civil action of interpleader . . . a district court may . . . enter its order restraining [defendants] from instituting or prosecuting any proceeding in any State or United States court . . . and may discharge the plaintiff from further liability, make [an] injunction permanent, and make all appropriate orders to enforce its judgment." *See* Pl.'s Mem. at 9-10; 28 U.S.C. § 2361. As MetLife points out, § 2361 "enables a party meeting the requirements of § 1335 to obtain a restraining order without following the procedures set forth in Fed. R. Civ. P. 65, which normally governs the issuance of injunctive relief." Pl.'s Mem. at 10; *See also* 28 U.S.C. § 2361 (noting that § 2361 applies in "any civil action of interpleader or in the nature of interpleader under

section 1335"). However, as noted above, because the parties are not diverse, the requirements of § 1335 are not met, and therefore MetLife is not excused from satisfying the requirements of Rule 65.

MetLife has not demonstrated that an injunction is warranted here. In interpleader actions, courts have declined to issue an injunction where all claimants are known, and an order dismissing the interpleader plaintiff could be used to defend against future litigations. *See, e.g.*, *Little*, 2013 WL 4495684, at *3 (finding "little reason for [an injunction]" because "should [claimant] ever choose to assert a claim, [he] will be met in his chosen forum with this Court's decree discharging [the fiduciary] from any liability concerning the policy"); *See also Wilton Reassurance Life Co. of N.Y. v. Garbrecht*, 2015 WL 1011714, at *2-3 (S.D.N.Y. Mar. 9, 2015) (denying injunctive relief where there was no danger of overlapping lawsuits where "[t]he beneficiaries of the policy have already been determined"); *WABC-AM Radio, Inc. v. United States*, 1991 WL 2799, at *1 (S.D.N.Y. Jan. 7, 1991) ("The power to enjoin conferred by 28 U.S.C. § 2361 is, by its terms, discretionary."). *But see Mitchell*, 966 F. Supp.2d at 104 ("[A] permanent injunction . . . is necessary to protect [plaintiffs] from overlapping lawsuits and to ensure the effectiveness of the interpleader remedy."); *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1067 (S.D.N.Y. 1992) ("An injunction against overlapping lawsuits is desirable to insure the effectiveness of the interpleader remedy.").

Here, as in *Little*, there are no unknown claimants, and an order discharging MetLife from liability sufficiently protects it from subsequent litigation by the Defendants. Accordingly, MetLife's request for an injunction is denied.

## CONCLUSION

For the reasons set forth above, MetLife's motion for interpleader relief is granted and MetLife is dismissed from this action with prejudice. MetLife's request for injunctive relief is denied. The Court shall retain jurisdiction over the remaining parties in this action to determine the merits of their respective claims to the funds deposited in the court registry.

SO ORDERED.

Dated: Brooklyn, New York
       September 29, 2017

/s/

DORA L. IRIZARRY
Chief Judge